IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS ANTHONY SEVILLA,

    Plaintiff,                      No. CIV S-07-160 MCE KJM P

    vs.

JAMES TILTON, et al.,

    Defendants.                 <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

I. Screening The Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, _ U.S. _, 126 S.Ct. 1955, 1964-65 (2007). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level. Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon

1  which it rests.'"'" Erickson v. Pardus, _ U.S. _, 127 S.Ct. 2197 (2007) (quoting Bell, slip op. at
2  7-8, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under
3  this standard, the court must accept as true the allegations of the complaint in question, id., and
4  construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S.
5  232, 236 (1974).

6      The court has determined that the complaint does not contain a short and plain
7  statement as required by Federal Rule of Civil Procedure 8(a)(2).  The complaint is 596 pages
8  long, consists of 1128 numbered paragraphs, and names 128 defendants.  It is supported by an
9  eight page declaration.

10      Because of the length of the pleading, the court has been unable to screen the
11  documents in an expeditious fashion.  In fact, the complaint and motions, placed in a stack,
12  measure approximately thirteen inches tall.

13      It is difficult to extract the gist of plaintiff's claims from the mass of information
14  included in the complaint.  The complaint is divided, however, into incidents that occurred at
15  Wasco State Prison (Compl. ¶¶ 131–196), at Sierra Conservation Center (id. ¶¶ 197-372 ), at the
16  Correctional Training Facility (id. ¶¶ 373-455) and at California State Prison, Solano (id. ¶¶ 456-
17  641).  Plaintiff includes separate sections on the exhaustion of his administrative remedies (id.
18  ¶¶ 653-657), the motives of the defendants (id. ¶¶ 642-652), and legal claims arising from the
19  incidents at the separate institutions.  Plaintiff alleges generally that many of the actions taken
20  against him at the different institutions were in retaliation for his exercise of his right to seek
21  redress of grievances, whether in the institutional appeal process or by writing outside parties.
22  However, plaintiff's allegations suggest the retaliatory actions at each prison were undertaken in
23  response to plaintiff's activities at a particular prison rather than as system-wide retaliation.

24      Plaintiff does allege the actions of all the defendants were undertaken as members
25  of the California Correctional Peace Officers Association (CCPOA), id. ¶ 1108, which is an
26  "enterprise" that has engaged in racketeering activity against the plaintiff as defined in 18 U.S.C.

1  § 1961(1)-(5) and (9).  The RICO statutes prohibit, among other activities, the conducting of an
2  enterprise's affairs through racketeering activity.  18 U.S.C. § 1962(c).  A prima facie RICO case
3  requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  Miller
4  v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004).  Furthermore, there must be an
5  injury to a specific business or property interest, which is one defined by state law.  18 U.S.C.
6  § 1964(c); Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005) (en banc).  If there is no such injury,
7  there is no standing to bring a RICO civil suit.  Id. at 901.  Plaintiff has alleged no harm to a
8  business or property interest nor does it appear that he will be able to do so.  See In re Alcala,
9  222 Cal.App.3d 345, 370-71 (1990) (no absolute right to possess property in prison); Living
10  Designs Inc. v. E.I. Dupont de Nemours and Co., 431 F.3d. 353, 364 (9th Cir. 2005) (financial
11  losses alone do not confer RICO standing).  These allegations cannot serve to tie the discrete
12  clusters of claims together; they should not be included in any amended complaint.

13  Wasco State Prison is in Kern County and Sierra Conservation Center is in
14  Tuolumne County, areas covered by the Fresno Division of this court; the Correctional Training
15  Facility is in Monterey County, which is covered by the Northern District of California.
16  Accordingly, the claims arising from plaintiff's imprisonment in Wasco State Prison, Sierra
17  Conservation Center and the Correctional Training Facility should not be included in any
18  amended complaint.  Fed. R. Civ. P. 20, 21.

19  There remain some two hundred paragraphs describing incidents occurring at
20  California State Prison–Solano, which is located in both this district and this division.  As noted
21  above, these paragraphs do not contain a "short and plain" statement of the claims.  In addition,
22  some of plaintiff's legal claims are not cognizable.  For example, plaintiff claims various
23  defendants hindered his right to pursue grievances and failed to provide him with the results of
24  certain of the proceedings, which he characterizes as a violation of his First Amendment right to
25  seek redress of grievances and of his right to due process.  See, e.g., Compl. ¶¶ 951, 953, 1052.
26  There is no right to a grievance procedure, however, so the manner in which grievances were

handled does not give rise to a due process claim, even though the same allegations may state a First Amendment claim. Mann v. Adams, 846 F.2d 589 (9th Cir. 1988).

Plaintiff also claims to have a due process right to a certain classification score. See, e.g., Compl. ¶ 974. However, there is no constitutional right to a particular classification or custody status. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). These claims should not be included in an amended complaint.

Plaintiff contends his right to due process was violated when one of the defendants sent some personal property intended for plaintiff back to the vendor. Compl. ¶1017. However, a prisoner does not have a constitutional right to receive packages from friends and family. Bell v. Wolfish, 441 U.S. 520, 554-55 (1979). The Supreme Court has also held a loss of property claim does not state a civil rights cause of action if the state has post-deprivation procedures for compensation. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of . . . the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available."); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam) (applying Hudson and holding a state's adequate post-deprivation remedy for property loss bars a prisoner's § 1983 challenge to the loss). These allegations should not be included in an amended complaint.

Moreover, in order to state a claim for conspiracy under § 1983, a plaintiff must plead specific facts suggesting mutual understanding among conspirators to deprive plaintiff of constitutional rights. Conclusory allegations are not sufficient. See Duvall v. Sharp, 905 F.2d 1188, 1189 (8th Cir. 1990); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir.1980). The current complaint does not meet this standard.

In McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant. It consists largely of immaterial background information."

5

1  The court observed the Federal Rules require that a complaint consist of "simple, concise, and

2  direct" averments. Id. As a model of concise pleading, the court quoted the standard form

3  negligence complaint from the Appendix to the Federal Rules of Civil Procedure:

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway, called Boylston Street, in Boston Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
>
> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of one thousand dollars.

Id.

Phrased another way, "Vigorous writing is concise." William Strunk, Jr. & E.B. White, The Elements of Style, § III, ¶ 13.

Plaintiff's complaint suffers from many of the same problems as the pleading dismissed in McHenry: there is much "'narrative rambling[]'" Id. at 1176. As in McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges." Id. at 1179.

Plaintiff will be given an opportunity to file an amended complaint, **limited to twenty pages**. Plaintiff may use the court's form for filing a civil rights action, which will be provided. Plaintiff should refer to this order and the Federal Rules of Civil Procedure for guidance in drafting a further amended document or completing the court's form complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

II. Motion For The Appointment Of Counsel

Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

III. Motions For Injunctive Relief

Plaintiff has filed three motions for injunctive relief, supported by over one hundred exhibits. In light of the fact that the underlying complaint is being dismissed, there is no pending action to support these requests. Accordingly, these will be dismissed without prejudice to filing a renewed motion, if plaintiff desires, in conjunction with the amended

complaint. In light of the bulk of these motions, any renewed motion is also limited to twenty pages.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint of no more than twenty pages that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's January 24, 2007 request for the appointment of counsel is denied.

6. Plaintiff's January 24, 2007 requests for injunctive relief (docket nos. 4, 5 & 6) are denied without prejudice.

DATED: September 26, 2007.

_____
U.S. MAGISTRATE JUDGE

2

sevi0160.14